**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1454**

———————

DON BLANKENSHIP,

                Plaintiff - Appellant,

    v.

DONALD TRUMP, JR.,

                Defendant - Appellee,

    and

DOES 1-50 INCLUSIVE,

                Defendant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:19−cv−00549)

———————

Submitted: December 21, 2023                    Decided: March 25, 2024

———————

Before AGEE and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Jeffrey S. Simpkins, SIMPKINS LAW OFFICE PLLC, Williamson, West Virginia, for Appellant. John M. Adkins, Lindsay M. Gainer, BOWLES RICE, LLP, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this case, we consider an appeal by plaintiff Don Blankenship from the district court's award of summary judgment to defendant Donald Trump, Jr. on Blankenship's claims under West Virginia law of defamation, false light invasion of privacy, and civil conspiracy. Because we agree with the district court that the record is insufficient to show that Trump, Jr. made a defamatory statement with actual malice, we affirm the district court's judgment.

I.

We state the facts in the light most favorable to Blankenship, the party against whom summary judgment was awarded. *See Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022). In 2010, Blankenship was serving as CEO of Massey Energy Company when an explosion occurred at one of Massey Energy's coal mines, killing 29 individuals. Blankenship was charged with several related federal crimes, both felony and misdemeanor counts, and ultimately was convicted of only one misdemeanor offense for conspiracy to violate federal mine safety standards. *See United States v. Blankenship*, 19 F.4th 685, 688-69 (4th Cir. 2021). He served one year in prison.

After his release from prison, Blankenship announced in January 2018 that he intended to run for office to represent West Virginia in the United States Senate. After losing in the May 8, 2018 primary election, Blankenship alleged that certain political and news media sources, including Trump, Jr., had conspired to ensure his defeat by referring to Blankenship as a "felon," even though he had been convicted only of a misdemeanor

3

offense.  *See Blankenship v. NBCUniversal, LLC*, 60 F.4th 744, 750 (4th Cir. 2023) (affirming award of summary judgment in favor of numerous defendants on similar claims by Blankenship).  On May 3, 2018, Trump, Jr. had published on a social media website a statement encouraging "the people of West Virginia to make a wise decision and reject Blankenship!"  Later that day, a CNN news reporter posted on the same social media website a statement that "[President Donald J.] Trump's son urges West Virginia Republicans to reject Blankenship, who responds by labeling [Trump, Jr.] part of the 'establishment.'"  The CNN reporter's statement included a link to a CNN news article, which stated that Blankenship had "recently finished serving a yearlong sentence following a misdemeanor conviction."

Trump, Jr. "reposted" on that social media website the CNN reporter's statement and also stated:  "Ha, now I'm establishment?  No, I'm realistic & I know" that United States Senator Joe Manchin likely would "run ads [in a general election against Blankenship] featuring the families of those 29 miners killed due to actions that sent [Blankenship] to prison."  When a third party responded to Trump Jr.'s post that "Manchin [would not] do that.  His ads are usually ab[ou]t him," Trump, Jr. responded:  "[Manchin's] probably never run against a felon."

Blankenship filed suit against Trump, Jr. in West Virginia state court, alleging state law claims of defamation, false light invasion of privacy, and civil conspiracy.[1]  Trump,

---

[1] Blankenship listed as additional defendants Does 1-50, "currently unknown" to Blankenship, who shared a plan with Trump, Jr. to defeat Blankenship.  Those defendants were not identified before or addressed by the district court in this case.

Jr. removed the action to federal district court, and filed a motion for summary judgment. The district court granted the summary judgment motion, concluding that Blankenship's failure to demonstrate that Trump, Jr. acted with actual malice defeated each of Blankenship's claims. Blankenship now appeals.

## II.

We review de novo the district court's decision awarding summary judgment. *RXD Media, LLC v. IP Application Dev. LLC*, 986 F.3d 361, 372 (4th Cir. 2021). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The district court may award summary judgment only if it concludes that the evidence would not permit a jury to return a verdict in favor of the nonmoving party. *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018).

As indicated above, in conducting this review, we consider the facts "in the light most favorable" to Blankenship, the non-moving party. *Knibbs*, 30 F.4th at 213 (citation omitted). "A party is entitled to summary judgment when 'the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.'" *Blankenship*, 60 F.4th at 756 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

We begin by addressing Blankenship's defamation claim. To prove a claim for defamation under West Virginia law, "a public-figure plaintiff like Blankenship must establish that the statements (1) contain a provably false assertion of fact and (2) were

published with actual malice."[2]  *Id.* at 757 (citing *Pritt v. Republican Nat'l Comm.*, 557 S.E.2d 853, 861-62 (W. Va. 2001)).  In the present case, we will assume, without deciding, that Trump, Jr.'s statement satisfies the element of false assertion of fact, because we can resolve the appeal based on the element of actual malice.  *See id.* (similarly assuming the falsity element).

"Establishing actual malice is no easy task" because the plaintiff "bears the burden" of proving actual malice "by clear and convincing evidence."  *Carr v. Forbes, Inc.*, 259 F.3d 273, 282 (4th Cir. 2001); *see Blankenship*, 60 F.4th at 757-58.  This burden of proof requires a showing that the speaker knew that the statement "was false or [had a] reckless disregard of whether it was false."  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). A plaintiff can demonstrate "reckless disregard" by showing that "'the defendant in fact entertained serious doubts as to the truth of its publication' but nonetheless published it." *Blankenship*, 60 F.4th at 757 (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)). Accordingly, the plaintiff must show that the defendant had "a high degree of awareness of . . . probable falsity."  *Id.* (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989)).  Such a showing requires "concrete" evidence, *id.* at 758 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)), which "must produce an

---

[2] Blankenship's claim regarding Trump, Jr.'s written statements is actually a libel claim, but the elements of libel and defamation are identical.  *See Greenfield v. Schmidt Baking Co.*, 485 S.E.2d 391, 393-94 (W. Va. 1997).  "For simplicity, we follow the parties' approach and use the term 'defamation' to refer to all claims."  *Blankenship*, 60 F.4th at 757 n.4.

'abiding conviction' that actual malice is 'highly probable,'" *id.* (quoting *Cannon v. Peck*, 36 F.4th 547, 566 (4th Cir. 2022)).

On appeal, Blankenship argues that the district court improperly credited Trump, Jr.'s deposition testimony that he was unaware that Blankenship had been convicted only of a misdemeanor, and that the district court failed to draw all inferences in Blankenship's favor. As he did in the district court, Blankenship primarily rests his argument on the fact that Trump, Jr. had "reposted" on social media a reporter's statement that included a link to a CNN news article explaining that Blankenship had served "a yearlong sentence following a misdemeanor conviction." Blankenship also contends that Trump, Jr.'s credibility was undermined by his failure to identify a specific person or news article that had referred to Blankenship as a "felon." According to Blankenship, a "reasonable jury could deduce" that Trump, Jr. had read the CNN news article regarding Blankenship's misdemeanor conviction and was aware that Blankenship had not been convicted of a felony offense. We disagree with Blankenship's argument.[3]

After reviewing the record, we agree with the district court's conclusion that Blankenship's evidence was "wholly insufficient to show [that] Trump, Jr. knew" that his statement "was false or that he had a high degree of awareness of its probable falsity." As the district court observed, Blankenship merely speculated, and failed to produce any

---

[3] We also summarily reject as meritless Blankenship's requests that we alter the evidentiary standard for summary judgment and the actual malice standard for public figures, as well as his constitutional challenge to the summary judgment standard.

evidence, that Trump, Jr. must have read the CNN article referenced in the CNN reporter's social media post.

The district court further observed that Trump, Jr. testified during his deposition that he based his statement that Blankenship was a "felon" on "numerous" sources across various media referring to Blankenship in that manner. This testimony was supported by the record, which showed that prior to Trump, Jr.'s comment various news sources referred to Blankenship as a "felon." *Cf. Blankenship*, 60 F.4th at 768 (explaining that the record showed that commentators and journalists did not doubt the truth of Blankenship's felon status but were merely "confused about how to describe a person who served a year in prison for a federal offense"). Based on this record, we conclude that the district court did not err in holding that the evidence corroborated Trump, Jr.'s statement that he thought he was accurately describing Blankenship as a "felon." Moreover, we agree with the district court's determination that Blankenship failed to rebut this evidence.

In sum, we conclude that Blankenship failed to set forth any "concrete" evidence to support his argument that Trump, Jr. acted with actual malice. *See id.* at 758 (quoting *Liberty Lobby*, 477 U.S. at 256). As the district court observed, the evidence fell "well short of showing by clear and convincing evidence that Trump, Jr. 'entertained serious doubts as to the truth of the publication,' or 'actually had a high degree of awareness of . . . probable falsity.'" *Blankenship v. Trump*, No. 2:19-cv-549, 2023 WL 2728727, at *8 (S.D.W. Va. Mar. 30, 2023) (quoting *St. Amant*, 390 U.S. at 731 and *Connaughton*, 491 U.S. at 688).

8

Because we conclude that the record fails to show that Trump, Jr. published his statement with actual malice, we necessarily affirm the district court's award of summary judgment on Blankenship's claims of false light invasion of privacy and civil conspiracy. *See Blankenship*, 60 F.4th at 769 (explaining that under West Virginia law "a public-figure plaintiff alleging false light must prove that the defendant made a false statement with actual malice," and that a civil conspiracy claim requires proof of an underlying wrongful act such as defamation).

### III.

For these reasons, we affirm the district court's order awarding summary judgment to Trump, Jr.

*AFFIRMED*